John and Barbara CAMACHO, Appellees and Cross Appellants,

v.

UNITED STATES of America, Appellant and Cross Appellee.

David and June RAIHL, Appellees and Cross Appellants,

v.

The UNITED STATES of America, Appellant and Cross–Appellee.

Bankruptcy No. A94–052 CV (JKS).

United States District Court, D. Alaska.

Jan. 11, 1996.

---

Charles F. Schuetze, Davis & Goerig, Anchorage, AK, for Robert E. Walthall, Dorothy C. Walthall.

Jerry Dennis, Lyle, WA, in pro per.

Erik LeRoy, Law Office of Erik LeRoy, Anchorage, AK, for David March Raihl, June Shirely Raihl.

George R. Lyle, Guess & Rudd, Anchorage, AK, for John J. Camacho, Barbara A. Camacho.

Robert Branman, U.S. Department of Justice, Washington, DC, Robert C. Bundy, U.S. Attorney's Office, Anchorage, AK, for United States of America.

## ORDER

SINGLETON, Chief Judge.

■ John and Barbara Camacho ("Camachos") and David and June Raihl ("Raihls") seek reconsideration of certain Orders of this Court denying their challenge to certain tax ·assessments. Docket Nos. 55 and 56; *see, e.g.,* D.Ak. LR 7.1(1). The Camachos and Raihls argue that this Court misconstrued the record and overlooked a favorable factual determination by the bankruptcy court. Specifically, they contend that the Government. conceded and the bankruptcy court found that the Government conducted an investigation of the top-tier partnerships involved in this case, and in connection with that investigation requested and was provided with information regarding the indirect partners in the various top-tier partnerships. In the view of the Camachos and Raihls, this knowledge should,˙ consistent with this Court's legal analysis, have triggered a duty

to specifically notify the indirect partners of the audit of the top-tier partnerships. The Camachos and Raihls misunderstand the Court's reasoning.

The Court concluded that the statutory scheme properly put the burden on the tax matters partners of pass-through partnerships to notify their partners of audits regarding top-tier partnerships. In order for an indirect partner to gain a place on the mailing list, it was necessary for the indirect partner, either personally or through an authorized agent, to notify the Government that he was an indirect partner and had a mailing address, and that he wished to be notified of audits regarding the top-tier partnership so that he could participate in any proceedings before the agency or the court. Thus, the fact that agents of the pass-through partnerships may have responded to Government inquiries by furnishing the names and addresses of indirect partners would be irrelevant to this Court's decision unless the response carried with it a specific request to notify the indirect partners in the event of an audit. Of course, no specific form of notification was required prior to the effective date of the new regulations. But whatever form the notification took, such notice to the Government would have had to have contained a specific request to be notified of top-tier partnership audits. The fact that the Camachos and the Raihls did not monitor the activities of the top-tier partnerships makes it unlikely that they, either personally or through an agent authorized by them, communicated a request to the Government to participate in proceedings involving the top-tier partnerships.

■ The Raihls' also argue that this Court failed to adequately address their argument that as direct partners in Gran Esperanza they were entitled to both an NBAP and an FPAA, and that since they only received an FPAA, the Government's audit is invalid as applied to the Raihls. The bankruptcy court agreed that the Raihls were entitled to both notices and only received one. However, it concluded that the Raihls' failure to make an election under section 6223(e) denied them a remedy at this late date. This Court considered the Raihls' argument. *See* Docket No. 49 at 6 n. 8. Essentially, this Court assumed that the Raihl's had not received the proper notice and looked to the statutory remedy. Congress allowed taxpayers situated similar to the Raihls two choices: 1) default—the taxpayer could choose to be bound by the decision at the partnership level despite the lack of notice; or 2) election—the taxpayer could elect to treat the affected items as non-partnership items, in which case the statute of limitations would be extended and the matter would be resolved at the Raihls' level. The Court did not recognize a third possibility, that the Raihls could escape a reconsideration of their tax returns entirely. Since the Raihls did not elect to treat the items as non-partnership items and litigate at their own level, this Court affirmed the bankruptcy court decision that they were left with the default result.[1]

---

1. The bankruptcy court determined that an NBAP was not sent to the Raihls regarding the 1984 audit of Gran Esperanza but that an FPAA was sent. Excerpt of Record 416–417. The Raihls dispute the bankruptcy court's determination that since the Raihls failed to make a necessary election under section 6223(e), the omission of the NBAP was not fatal to Government's audit. The Raihls argue that: 1) "Section 6223(e) applies only to cases where the NBAPs and FPAAs were given, but were given outside the time limits prescribed in § 6223(d)" (Docket No. 26 at 28); 2) the proceedings are now finished under § 6223(e)(2) because the statute of limitation has run (*Id.*); and 3) "[u]nder § 6223(e)(3), ... the failure to make the election means that the item became a non-partnership item and now is not assessable against the Raihls." (*Id.* at 29 (citing § 6223(f)). The Raihls' incorrectly interpret section 6223(e).

Subsection 1 of section 6223(e) determines when the section applies and subsections 2 & 3 determine the result. The Raihls argue for a result under subsection 3 while also arguing that the section is inapplicable. Although the Government failed to mail an NBAP, section 6223(e) is invoked because it did mail an FPAA. *See* § 6223(e)(2). If an NBAP is not sent at least 120 days prior to the sending of an FPAA, then the consequence is determined based on the state of the proceedings, *i.e.*, have the proceedings already finished or are they not yet complete? If the proceedings are complete, subsection 2 applies. Under subsection 2, the partner may elect to accept the results of the proceeding and have them applicable to him. § 6223(e)(2). If the proceedings are not yet complete, the partner shall be a party to the proceedings unless he elects to participate in a settlement with the Government or have the items at issue in the

The Camachos argue that under general partnership law knowledge of the managing partners of the pass-through partnerships should not be imputed to the indirect partners because the managing partners were perpetrating a fraud and in fact have been convicted and imprisoned for that fraud. More important, the Camachos continue, the Government was contemplating criminal proceedings against the principals of the pass-through partnerships at the time the notices required by the statute were given and thus the Government's knowledge of the criminal activity should have alerted it to the need to personally notify the various indirect partners. *See, e.g.,* U.P.A. § 12; AS 32.05.070; Utah Code Annot. 48–1–9. It is true that where a partner engages in fraudulent conduct that does not benefit the partnership or the partners in any way, his knowledge is not imputed to the innocent partners. Where, however, his fraud is intended to benefit the partnership, his knowledge is imputed to the other partners, even if they are ignorant of the fraud. *Friend v. H.A. Friend & Co.,* 416 F.2d 526, 533 (9th Cir.1969). While this issue was not raised below, and the record has not been fully developed, it appears that the fraud in this case was directed at the Government and the parties guilty of the fraud were at least attempting to benefit the partnerships by their conduct. If this is true, their knowledge would be imputed to their innocent partners.

**IT IS THEREFORE ORDERED:**

The motions for reconsideration at **Docket Nos. 55 and 56 are DENIED.**

audit treated as non-partnership items. § 6223(e)(3). In this case, the proceeding was not yet complete when the Raihls received an FPAA. The Raihls did not make an election as described in § 6223(e)(3). As a result, the Raihls were a party to the proceeding pursuant to section 6223(e)(3).